NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2013[*]
Decided March 29, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 12-2922

| | |
|---|---|
| BRYAN D. HINNEN and BILLIE J. HINNEN, *Plaintiffs-Appellants*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 C 4733 |
| EMERALD HILLS CONDOMINIUM ASSOCIATION, *Defendant-Appellee*. | Matthew F. Kennelly, *Judge*. |

**ORDER**

Bryan and Billie Hinnen own a condominium in Glendale Heights, Illinois. The Emerald Hills Condominium Association manages the condominium. In bankruptcy the Hinnens sought to avoid a lien that Emerald Hills has on their condominium. At a hearing the bankruptcy court denied their request, and the district court dismissed their appeal for failing to provide a transcript of that hearing. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Under their condominium-ownership agreement, the Hinnens were required to pay a monthly assessment of $288. After they failed to make a monthly payment, Emerald Hills sued them in state court. The court awarded Emerald Hills a judgment of nearly $8,000, including attorneys' fees. That judgment gave rise to a lien for Emerald Hills on the Hinnens' interest in the condominium. *See* 765 ILCS 605/9(g)(1).

When the Hinnens filed for bankruptcy, they moved under 11 U.S.C. § 522(f)(1)(A) to avoid the lien. Losing their home would work an "enormous hardship," they maintained. They also charged Emerald Hills with breaching its fiduciary duty when it sued to collect merely $300 and incurred more than $7,000 in attorneys' fees.

The bankruptcy court denied the Hinnens' motion. The court concluded that the lien was statutory rather than judicial and hence not within § 522(f)(1)(A); that section provides relief only from liens "obtained by judgment, levy, sequestration or other legal or equitable process or proceeding" but not from liens "arising solely by force of statute," *id.* § 101(a)(36), (53)—in the Hinnens' case, section 605/9(g) of chapter 765 of the Illinois Code. The court also summarily rejected the Hinnens' fiduciary duty argument.

The district judge dismissed the Hinnens' appeal, explaining that they failed not only to propose a basis to oppose the lien, but also to provide a transcript from the bankruptcy court's hearing. The Hinnens moved to vacate the dismissal and alternatively to supplement the record with a transcript of the hearing, but the court orally denied the motions. After the court pronounced its ruling, Bryan Hinnen interjected that he was a cancer survivor on heavy medication; the court, however, then confirmed that he had not included this information in any of his filings, noted that it had already reinstated the case after having dismissed it for want of prosecution, and reiterated that the case was over.

The Hinnens now urge that the district court abused its discretion by not excusing their failure to provide the transcript of the bankruptcy court's hearing because (1) they are representing themselves and (2) Bryan is impaired by his medications. But appellants, whether pro se or not, must include the transcript of the ruling they wish to challenge or face dismissal. *See RK Co. v. See*, 622 F.3d 846, 853 (7th Cir. 2010); *Woods v. Thieret*, 5 F.3d 244, 245 (7th Cir. 1993). Further, given the circumstances of these proceedings—their protracted nature, coupled with the absence of information in the record about the duration or severeness of Bryan's impairment, or an explanation how they were able to prosecute their case in all other respects, —we cannot say that the district court abused its discretion in dismissing the appeal. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *Gibbons v. United States*, 317 F.3d 852, 854–55 (8th Cir. 2003).

In any event the Hinnens' claims are meritless. The Hinnens now concede that the lien on their condominium is statutory, but insist that we reduce the amount of the state court's judgment because Emerald Hills breached its fiduciary duty by incurring thousands of dollars in attorneys' fees to obtain a mere $300 in assessments. The two opinions on which they rely—*In re Taxman Clothing Co.*, 49 F.3d 310, 315–16 (7th Cir. 1995) and *In re Lund*, 187 B.R. 245, 259 (Bankr. N.D. Ill. 1995)—refused to award the full amount of requested fees when the attorneys breached the fiduciary duty owed their clients by racking up fees while collecting relatively small debts. But the Hinnens are effectively asking us to lower the attorneys' fees award in a separate state court proceeding, and that would run afoul of the *Rooker-Feldman* doctrine. *See Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603, 605 (7th Cir. 2008) (citing *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983)).

**AFFIRMED.**